UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DELORES REID, on behalf of herself and all others similarly situated, : | Judge Timothy S. Black |
| Plaintiff, : | Case No. 1:16-cv-815 |
| vs. : | |
| THE KROGER CO., *et al.*, : | |
| Defendants. : | |

**ORDER CONDITIONALLY GRANTING
MOTION TO FILE UNDER SEAL (Doc. 36)**

This Fair Credit Reporting Act case is before the Court on Defendants' motion to file under seal. (Doc. 36).

## I. INTRODUCTION

On July 21, 2017, Plaintiff filed a motion to certify class pursuant to Federal Rule of Civil Procedure 23. (Doc. 34). Defendants' response to Plaintiff's motion is currently due on August 25, 2017.

On August 23, 2017, Defendants filed a motion requesting an Order allowing Defendants to file "2014 and Current Company Matrices" under seal. (Doc. 36 at 1). The motion states that the matrices are designated as confidential under the Protective Order (Doc. 27) and that Plaintiff does not object to the sealing of these documents. (Doc. 36 at 1). Defendants argue its matrices contain proprietary and trade secret information, and they are of little to no importance to the public. (*Id.* at 2).

## II. STANDARD OF REVIEW

A district court's decision to seal court records is reviewed for an abuse of discretion. *Klingenberg v. Fed. Home Loan Mortg. Co.*, 658 Fed. Appx. 202, 207 (6th Cir. 2016) (citing *Shane Grp. Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 306 (6th Cir. 2016)). However, "the district court's decision is not accorded the deference that standard normally brings." *Id.*

That is because there is a "stark" difference between, on one hand, the propriety of allowing litigants to exchange documents in secret, and on the other hand, allowing litigants to shield from public view those documents which are ultimately relied on in the Court's adjudication. *See Shane Grp.*, 825 F.3d at 305. Parties are typically entitled to a "protective order" limiting disclosure of documents in discovery upon a mere showing of good cause. *Id.* However, "very different considerations apply" when these materials are filed in the public record. *Id.*

Unlike information merely exchanged between the parties, the public has a strong interest in obtaining the information contained in the court record. *Id.* Accordingly, the courts have long recognized a "strong presumption in favor of openness" of court records. *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)).

Three times in the past two years the Sixth Circuit has explained that a party moving to seal court records must overcome a significant burden. *See Shane Grp.*, 825 F.3d at 305-06; *Klingenberg*, 658 Fed. Appx. at 207-08; *Rudd Equip. Co. v. John Deere*

*Constr. & Forestry Co.*, 834 F.3d 589, 593-96 (6th Cir. 2016). According to the Sixth Circuit:

> The burden of overcoming that presumption [of openness] is borne by the party that seeks to seal them. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). The burden is a heavy one: "Only the most compelling reasons can justify the non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.,* 723 F.2d 470, 476 (6th Cir. 1983). . . . And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. *See, e.g.*, *Press-Enter. Co. v. Superior Court of California, Riverside Cnty.*, 464 U.S. 501, 509-11, 104 S. Ct. 819, 78 L. Ed. 2d 629 (1984). The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter*, 297 F.3d at 548.

*Shane Grp.*, 825 F.3d at 305-06.

A movant's obligation to provide <u>compelling</u> reasons justifying the seal exists even if the parties themselves <u>agree</u> the filings should be sealed. *See Rudd Equip.*, 834 F.3d at 595 (noting the parties "could not have waived the *public's* First Amendment and common law right of access to court filings[]") (citation omitted); *see also In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 475 (6th Cir. 1983) (in reviewing a motion to seal, the district court has "an obligation to consider the rights of the public"). Simply put, this Court has an obligation to keep its records open for public inspection and that obligation is not conditioned upon the desires of the parties to the case. *Shane Grp.*, 825 F.3d at 307.

A district court that chooses to seal court records must set forth specific findings and conclusions "which justify nondisclosure to the public." *Id.* at 306 (quoting *Brown & Williamson*, 710 F.2d at 1176). A court's failure to set forth reasons explaining why the

3

interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary is grounds to vacate an order to seal. *Id.*

## III. ANALYSIS

Defendants' motion falls short of the standards provided by the Sixth Circuit. The motion argues that the matrices contain proprietary and trade secret information, but it does not "analyze in detail" any document the Defendants seek to seal, does not provide legal citations supporting the requested seal, and does not show that the requested seal is "narrowly tailored." Defendants assert that Plaintiff does not object to the seal, but the parties' agreement does not obviate the Court's duty to ensure that its records are open for public inspection. *See Rudd Equip.*, 834 F.3d at 595; *Shane Grp.*, 825 F.3d at 307. Defendants have simply not yet offered substantiated, compelling reasons sufficient to justify non-disclosure.

Nevertheless, the Court understands Defendants must file their response to Plaintiff's motion to certify to keep briefing on schedule. To that end, the Court will allow the Defendants to file the proposed documents under seal on the condition that the seal will expire 30 days from filing unless (1) one party, or both of the parties, successfully move(s) to seal the filing under the proper standard set forth by the Sixth Circuit Court of Appeals, or (2) one party, or both of the parties, move(s) to extend the conditional period on the basis that a motion to seal is pending before the Court.

The Court finds this to be a sound approach which balances the public's interest in access to court records with the parties' interest in complying with the Court's briefing

4

schedule. The public interest will not be harmed by documents having been sealed for a brief time while the Court considers the issue upon proper briefing.

## IV. CONCLUSION

For these reasons, Defendants' motion to file under seal (Doc. 36) is **CONDITIONALLY GRANTED**. Accordingly, Defendants may file the proposed documents under seal, however, the seal will expire in 30 days from filing unless (1) the parties successfully move to seal the filing (or portions of the filing) under the standards set forth by the Sixth Circuit Court of Appeals or (2) the parties move to extend the conditional period on the basis that a motion to seal is pending before this Court.

**IT IS SO ORDERED**.

Date: 8/25/17

*Timothy S. Black*
Timothy S. Black
United States District Judge